<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANTHONY MASSARO, | : | |
| Plaintiff, | : | Civil Action No.  04-1548 (JAG) |
| | : | |
| v. | : | |
| | : | **OPINION** |
| | : | |
| THE PORT AUTHORITY OF | : | |
| NEW YORK AND NEW JERSEY, | : | |
| | : | |
| Defendant. | : | |

<u>**GREENAWAY, JR., U.S.D.J.**</u>

This matter comes before the Court on the Motion for Summary Judgment by Defendant

The Port Authority of New York and New Jersey (the "Port Authority"), pursuant to FED. R. CIV.

P. 56.  For the reasons set forth below, this Motion will be granted in favor of Defendant.

### <u>INTRODUCTION</u>

Plaintiff was an employee of the Port Authority for approximately 25 years.  In 2002, he

held a position as Maintenance Supervisor at the Lincoln Tunnel.  In December of 2002, the Port

Authority brought disciplinary charges against him, claiming a number of substantial violations

of the Rules and Regulations for Port Authority Employees, generally involving allegations that

Plaintiff failed to perform his supervisory duties by allowing his work crew to sleep through their

shift.  The parties agreed to resolve the dispute through arbitration.  Four hearing sessions were

held before arbitrator Joel M. Douglas, Ph.D., during 2003.  On January 11, 2004, the arbitrator

issued an opinion and award in which he found Plaintiff to be culpable of the charges brought

against him, and stated that the Port Authority may terminate him.  The Port Authority

subsequently terminated his employment.  On February 20, 2004, Plaintiff filed a Complaint in

New Jersey Superior Court, alleging discrimination on the basis of family status, age, and

disability, and seeking reinstatement, damages, and vacatur of the arbitration award.  The Port

Authority petitioned for removal to federal court.  On May 27, 2005, the Port Authority filed the

instant motion for Summary Judgment.

The Complaint filed by Plaintiff does not enumerate claims or causes of action.

Defendant's Motion for Summary Judgment does not endeavor to enumerate all causes of action

in the Complaint.  In this Opinion, this Court will consider only the causes of action addressed in

the Motion: the cause of action to vacate the arbitration award, and the causes of action for

employment discrimination.  This Court takes notice that the Complaint alleges additional causes

of action for violation of due process rights under the New Jersey and United States

Constitutions, independent of the employment discrimination claims.  As Defendant has not

addressed these additional causes of action in the instant motion papers, this Court makes no

ruling on them in this Opinion.

## ANALYSIS

### I.      Governing Legal Standards

#### A.      Standard for a Rule 56 Motion for Summary Judgment

Summary judgment is appropriate under FED. R. CIV. P. 56(c) when the moving party

demonstrates that there is no genuine issue of material fact and the evidence establishes the

moving party's entitlement to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S.

317, 322-23 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996).  In

making this determination, the Court must draw all reasonable inferences in favor of the non-movant.  Hullett v. Towers, Perrin, Forster & Crosby, Inc., 38 F.3d 107, 111 (3d Cir. 1994); Nat'l State Bank v. Fed. Reserve Bank of N.Y., 979 F.2d 1579, 1581 (3d Cir. 1992).

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985).  The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995).  "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment."  Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990); see also FED. R. CIV. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial").

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23).  In determining whether there are any issues of material fact, the Court must resolve all doubts as to the existence of a material fact against the moving party and draw all reasonable inferences – including on issues of credibility – in favor of the non-moving party. Watts v. Univ. of Del., 622 F.2d 47, 50 (3d Cir. 1980).

## II.   Defendant's Motion for Summary Judgment

### A.   Plaintiff's Action to Vacate the Arbitration Award

Defendant argues that, in regard to Plaintiff's action to vacate the arbitration award, no genuine issue as to a material fact exists that would preclude summary judgment.  Further, Defendant argues that, under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10(a), Plaintiff has no basis to have the award vacated.

Defendant notes correctly that district courts review an arbitration award under a highly deferential standard.  The Third Circuit restated the highly deferential standard for review of arbitration award decisions in Hruban v. Steinman, 40 Fed. Appx. 723 (3d Cir. 2002):

> The grounds upon which this Court may vacate an arbitration award are "narrow in the extreme." . . . It is not the proper role of the court to "sit as the [arbitration] panel did and reexamine the evidence under the guise of determining whether the arbitrators exceeded their powers."

Id.

Plaintiff argues that the award must be vacated under 9 U.S.C. § 10(a)(4), which states that a court may vacate an arbitration award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."  Plaintiff maintains that the arbitrator rendered an imperfectly executed award because it was not final and definite, as required by the statute.  In support, Plaintiff points to the fact that, while the arbitrator ruled that Plaintiff was culpable of the charges brought against him, the remedy stated was that "[t]he Port Authority may impose the penalty of termination."  Plaintiff argues that the use of the word "may" rendered the award indefinite, and so a definite award was not made.

Plaintiff's argument fails because, before this Court may examine the award's alleged defect, it must address whether plaintiff has demonstrated a case or controversy meeting the Constitutional requirements for standing.  The Supreme Court outlined the Constitutional requirements for standing in <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992) (internal citations omitted):

> Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an 'injury in fact' -- an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not 'conjectural' or 'hypothetical.'  Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."  The party invoking federal jurisdiction bears the burden of establishing these elements.

Plaintiff has not met his burden of establishing the second and third of these elements.  As to the second element, Plaintiff has not established a causal connection between the injury (loss of job) and the conduct complained of (use of "may" in arbitration award).  Nor has Plaintiff established the third element.  Plaintiff has not persuaded this Court that it is likely that a favorable decision will provide redress: Plaintiff has not argued, no less shown, that changing the word "may" in the award to make it a more definite statement is likely to get him back his job.  Because Plaintiff has failed to meet the Constitutional requirements for standing, this Court need not address the issue of whether the use of the word "may" renders the award imperfect under 9 U.S.C. § 10(a)(4).  Defendant's Motion for Summary Judgment is granted in favor of Defendant as to the cause of action to vacate the arbitration award.

       B.       Plaintiff's Actions for Employment Discrimination

Plaintiff's Complaint states causes of action for employment discrimination under the New Jersey Law Against Discrimination, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Age Discrimination in Employment Act, and the New Jersey and United States Constitutions.  Defendant argues that it has satisfied its initial burden under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), by articulating a legitimate, nondiscriminatory reason for firing Plaintiff – the decision by the arbitrator that he was culpable of the charges brought against him.  "Once the employer answers its relatively light burden by articulating a legitimate reason for the unfavorable employment decision, the burden of production rebounds to the plaintiff, who must now show by a preponderance of the evidence that the employer's explanation is pretextual."  Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994).  Here, Plantiff fails.  Plaintiff's Brief does not even address the McDonnell Douglas analysis, no less show that the employer's explanation is pretextual.

All disparate treatment[1] claims for employment discrimination under federal law are analyzed by application of the McDonnell Douglas test:

> The Court in McDonnell Douglas set forth a burden-shifting scheme for discriminatory-treatment cases. . . The Courts of Appeals have consistently utilized this burden-shifting approach when reviewing motions for summary judgment in disparate-treatment cases.

Raytheon Co. v. Hernandez, 540 U.S. 44, 50 (2003).  Moreover, the New Jersey Supreme Court has adopted the McDonnell Douglas test for claims under all state proscriptions against

---

[1]A disparate treatment case is one in which "[t]he employer simply treats some people less favorably than others because of their race, color, religion, sex, or national origin."  Int'l Bhd. of Teamsters v. United States, 431 U.S. 324, 335 n. 15 (1977).

discrimination, both statutory and constitutional.  Peper v. Princeton University Board of

Trustees, 77 N.J. 55, 83 (1978) (recommending use of the McDonnell Douglas test for all

"actions brought under the Law Against Discrimination or any other State proscription against

discrimination").  As such, Defendant has shown that it is entitled to judgment as a matter of law

on all of Plaintiff's employment discrimination claims under federal and state statutory and

constitutional laws.  This Court grants Defendant's Motion for Summary Judgment in favor of

Defendant on all employment discrimination claims.

**CONCLUSION**

For the reasons stated above, this Court grants Defendant's Motion for Summary

Judgment in favor of Defendant on the claim for vacatur of the arbitration award, and on all

claims for employment discrimination.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: November 14, 2005